UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE


CIVIL ACTION NO. 07-CV-98-GFVT

JOHN G. WINKELMAN, JR.                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

JOHN DOE #1, ET AL.                                                      DEFENDANTS


John F. Winkelman, the *pro se* plaintiff who is currently incarcerated in the United

States Penitentiary-Big Sandy ("USP-Big Sandy"), has filed a *pro se* civil rights complaint

asserting claims under:  (1) the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C.

§§1346(b), 2671-2680, and/or (2) 28 U.S.C. §1331, pursuant to the doctrine announced in

*Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  The Court has

previously entered an Order granting the plaintiff pauper status [*see* Order, Record No. 4].

This matter is before the Court for initial screening.  28 U.S.C. §1915A; *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir.  1997).

Under *Bivens*, the plaintiff must plead and prove two essential elements.  First, he

must show that he has been deprived of rights secured by the Constitution or laws of the

United States.  Second, he must demonstrate that the defendants allegedly depriving him of

those rights acted under color of *federal* law.  *Bivens*, 403 U.S. at 397.

Under the FTCA, a plaintiff may recover monetary awards from the United States for

injury, property loss, or death "caused by the negligent or wrongful act or omission of any

1

employee of the Government while acting within the scope ... of employment." [28 U.S.C. §1346(b)] The FTCA directs federal courts to look to "the law of the place where the act or omission occurred," 28 U.S.C. §1346(b)(1).

A *pro se* complaint is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. §1915(e)(2), a district court may dismiss a case at any time if it determines that the action is (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

Plaintiff has identified six defendants by name or title.[1] They are grouped as follows:

(1)      The Postmaster of the Inez, Kentucky, Post Office.

(2)      "The USP-Big Sandy Defendants": (a) Mr. Parker, Counselor, USP-Big Sandy, Unit C-3; (b) Ms. Chance, Unit Manager, USP-Big Sandy, Unit C-3; and (c) Susan Hastings, Warden, USP-Big Sandy;[2] and

(3)      "The BOP Defendants": (a) Harley Lappin, National Director of the  Bureau of Prisons ("BOP"); and (b) K. M. White, Director, BOP Mid-Atlantic Regional Office.

---

[1]

Plaintiff listed several other "John Does" as defendants. He listed one "John Doe" defendant as a USP-Big Sandy mail room attendant and another as an employee of the Post Office in Inez, Kentucky. Still another grouping, "John Does #4- #12," are identified as "people or persons unknown, who may bear culpability in this action." [Complaint, pp. 1-2]

[2]

Suzanne (not Susan) Hastings was the former warden of USP-Big Sandy. The current warden of USP-Big Sandy is Hector Rios.

CLAIMS AND REQUEST FOR RELIEF

The plaintiff alleges that his right to due process of law was violated when USP-Big Sandy prison staff lost his incoming legal mail.  He seeks $1 million in damages and various forms of injunctive relief, including an Order preventing him from being transferred to another prison in retaliation for filing this claim [Complaint, Record No. 2-1, pp. 6-7].

COMPLAINT AND SUBSEQUENT FILING

In his complaint, the plaintiff alleges that on an unspecified date, his wife mailed him a package of legal materials relating to his criminal sentence and appeal.  He claims that the named defendants wrongfully rejected the package of legal materials which his wife had mailed to him.  Plaintiff alleges that he repeatedly asked prison staff the protocol for receiving and/or delivering legal mail.  He claims that prison staff failed to inform him that there was a specific permission form to be completed for receiving such mail and, as a result, he did not have the requisite form on file at the prison.  He alleges that USP-Big Sandy Defendants' failure to advise him about the incoming legal mail process caused his legal mail package to be rejected.

Plaintiff alleges that as a result of his not receiving his legal mail, his criminal sentence has been lengthened.[3]  He alleges that this outcome has caused his right to due process of law to be violated.  Plaintiff  alleges that USP-Big Sandy Defendants and various BOP Defendants were put on notice of his constitutional claims (regarding the impact of his lost mail) when he filed his FTCA administrative claims [Complaint, No. 2-1, p. 4].

---

[3]

Plaintiff provides no other details as to this claim.

3

To the extent that the plaintiff named several individual defendants, the Court entered an Order asking the plaintiff to provide any documentary evidence that he administratively exhausted his claims [*see* Order, Record No. 5].  The Court also asked the plaintiff to provide the Court with a copy of any FTCA administrative claim he may have filed [*Id*].

The plaintiff responded with what appears to be an FTCA administrative claim dated October 15, 2006 [Record No. 6].  The name at the bottom of the document is "Norma Winkelman."  The document states as follows:

> My legal documentation consisting of everything involving my case was lost due to Mismanagement by the Prison Staff at U.S.P. Big-Sandy.  See Remedy [illegible] 427849-F1 Attached.

[Record No. 6-1, p. 1]

In his Response, the plaintiff provided no additional information as to the BOP's disposition of the FTCA claim filed on October 15, 2006.  He further provided no documents pertaining to administrative exhaustion of his *Bivens* claims under 28 C. F.R. 542.13-15.[4]

---

[4]

The Bureau of Prisons ("BOP") has promulgated a series of administrative regulations which require federal prisoners to follow a three-step appeal process prior to filing suit in federal court concerning the conditions of their confinement.  *See* 28 C.F.R. §542.10-.16 (2007).  Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy.

If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9].  *See* §542.14(a).  If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11].  *See* §542.15.

DISCUSSION
1.  Official Capacity Claims Against
the USP-Big Sandy Defendants
and the BOP Defendants

The plaintiff has not stated the capacity in which he is suing either the USP-Big Sandy

Defendants or the BOP Defendants.  Construing the complaint broadly, the plaintiff might be

asserting his Fifth Amendment due process claims under *Bivens* against these defendants in

their official capacities.  However, the construed claims suffer from a fatal defect.

A *Bivens* claim is only properly asserted against individual federal employees in their

*individual* capacities.  *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).  "[A] *Bivens*

claim [for damages] may not be asserted against a federal officer in his official capacity."

*Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399,

1402 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984); *Sanchez-Mariani v. Ellingwood*, 691

F.2d 592 (1st Cir. 1982); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Butz v.*

*Economou*, 438 U.S.  478, 512-14 (1978)).

When damages are sought against federal employees in their *official* capacities, the

damages in essence are sought against the United States, and such claims cannot be

maintained.  *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir.

1975); *Morris v. United States*, 521 F.2d 872, 847-75 (9th Cir. 1975).  When a federal

employee is sued in his or her individual capacity, the action is not a suit against the United

States.  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).  The only proper

defendant in a *Bivens* claim is a person acting under color of federal law in that person's

individual capacity.

5

Plaintiff has failed to state a Fifth Amendment claim upon which relief can be based against either the USP-Big Sandy Defendants or the BOP Defendants in their official capacities.  These claims will be dismissed with prejudice.

2.  Individual Capacity Claims
A.  Postmaster of Inez Post Office

Again, the plaintiff has not stated the capacity in which he sues the named defendants. He may be attempting to assert claims against them in their individual capacities.  To the extent that the plaintiff asserts constitutional claims against the Postmaster of Inez, Kentucky, the Court will order him or her to respond.[5]

The Court notes that although the plaintiff identifies the Postmaster of the Inez, Kentucky Post Office by position (not name), his claim against that person, and/or other "John Doe" postal employees, may ultimately be in peril.  One of the exceptions to the FTCA's general waiver of sovereign immunity is for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. §2680(b).

---

[5]

Pursuant to Federal Rule of Civil Procedure 4(m):

Time Limit for Service.  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.  This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

*Id*.

Plaintiff is on notice that if any John Doe defendants are not named and served within 120 days, then the claims against said John Doe defendants shall be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m).

In short, the United States has expressly retained its sovereign immunity over claims

for negligent handling of the mail.  *See* 28 U.S.C. §2680(b); *see United States v. Dolan*, 126

S. Ct. 1252, 1256 (2006) (postal service exception addresses "failings in the postal obligation

to deliver mail," that is, conduct causing the "mail to be lost or to arrive late, in damaged

condition, or at the wrong address."  "Illustrative instances of the exception's operation, ...

would be personal or financial harms arising from nondelivery or late delivery of sensitive

materials or information (e.g., medicines or a mortgage foreclosure notice) or from negligent

handling of a mailed parcel (e.g., shattering of shipped china)."); *Georgacarakos v. United*

*States*, 420 F.3d 1185, 1186 (10th Cir.2005) (Items become "postal matter" upon being

mailed.  If the plaintiff sustains a loss only because the postal matter is lost or not delivered,

then the "[p]laintiff's claims arise out of the loss of postal matter and are consequently within

the § 2680(b) exception."); *McCullough v. United States*, 110 Fed. Appx. 158, 159, 2004 WL

2029985, *1 (2nd Cir.2004) (Exception in §2680(b) reaches an invasion of privacy claim

based on "the misdelivery or unauthorized opening of mail.").

The record currently lacks certification from the Attorney General under 28 U.S.C.

§2679 (d)(1).  The Court will require the claim against the Postmaster of Inez, Kentucky, to

go forward.

### B.  USP-Big Sandy Defendants

The Court is required to dismiss the plaintiff's Fifth Amendment due process claims

against the USP-Big Sandy Defendants in their individual capacities.[6]  The plaintiff argues

---

[6]

As the plaintiff provides no dates in his complaint, the Court is unable to ascertain when the
complained-of conduct allegedly occurred.

that these defendants, in varying degrees and roles, "should have made certain that the mail

room was in possession of the permission, and that the mail room was aware of that fact."

[Complaint, Record No. 2-1, pp. 4 (referring to Defendant Parker)]  All of the plaintiff's

claims against the  USP-Big Sandy Defendants fall under the theory of *respondeat superior*.[7]

The doctrine of *respondeat superior* cannot provide the basis for liability under

§1983.  Proof of personal involvement is required for a supervisor to incur personal liability

under §1983.  Liability cannot be imposed under a theory of *respondeat superior*.  *Bellamy v.*

*Bradley*, 729 F.2d 416, 421 (6th Cir.) *cert. denied*, 469 U.S. 845, 105 S. Ct. 156, (1984); *see*

*also Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir.1989); and *Hays v.*

*Jefferson County, Ky*., 668 F.2d 869, 872 (6th Cir.1982) ("[Section] 1983 liability of

supervisory personnel must be based on more than the right to control employees.  Section

1983 liability will not be imposed solely upon the basis of *respondeat superior*.").

"There must be a showing that the supervisor encouraged the specific incident of

misconduct or in some other way directly participated in it.  At a minimum, a §1983 plaintiff

must show that a supervisory official at least implicitly authorized, approved, or knowingly

acquiesced in the unconstitutional conduct of the offending subordinate."  *Bellamy*, 729 F.2d

at 421.

Here, the plaintiff does not allege that any of the USP-Big Sandy Defendants were

involved with, ordered or directed the mail room staff to give him false information about the

---

[7]

Again, the plaintiff is reminded that to the extent he refers to "John Doe Defendants #4-
#12,"  he must name and serve them within 120 days.  Otherwise, the claims against said  John Doe
defendants shall be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m).

form necessary to receive legal mail.  At best, the complaint alleges that the USP-Big Sandy

Defendants learned about possible mail room error after he filed his FTCA claim, which of

course was after the fact.  Plaintiff states as follows:

> The initial reason given for the package being rejected, is that there was no
> package permission form on file in the mail room at U.S.P.- Big Sandy.  It was
> later learned that there was indeed a form on file.  Whether this was known or
> done before, during or after the fact of the package being rejected, is unknown.
> Hence, the culpability of the Mail Room Staff, all of them.
>
> My Counselor, Mr. Parker should have made certain that the mail room was in
> possession of the permission form, and that the mail room was aware of that
> fact. This obviously was not done, Hence, Mr. Parker's culpability.
>
> My unit manager, Ms. Chance, was made aware of the problem and
> was made aware of the problem and did nothing to resolve this issue, Hence, Ms. Chance's, culpabilit
>
> The warden, Susan Hastings knew or should have known of the problem,
> especially because of the plaintiffs' filing of an informal Tort Claim with the
> B.O.P., yet, has still done nothing to locate the plaintiffs' missing package.
> Hence, the culpability of the Warden, Susan Hastings.

[Complaint, pp. 4-5]

As these statements allege liability under the theory of *respondeat superior*, the claims

against the USP-Big Sandy Defendants lack merit.  The claims against them will be

dismissed with prejudice.

### C.  BOP Defendants

For the same reasons the Court dismissed the claims against the USP-Big Sandy

Defendants, it must also dismiss the Fifth Amendment claims against the BOP Defendants.

The plaintiff asserts that these defendants are responsible "for the actions of all underlings"

[*Id.*]  Plaintiff alleges as follows:

> The Regional Director of the Mid-Atlantic Region of the Bureau of Prisons, K.
> M. White became aware of the problem of my missing package when he/she

recieved {sic} the plaintiffs' informal Tort Claim.  He/She should have been aware anyway as he/she is responsible for the actions of all of the underlings. . . .

The <u>Director, Bureau of Prisons</u>, of the United States Department of Justice, is responsible for the actions of all underlings and either knew or should have known what they were doing and gave them permission to do so. Hence, the culpability of the <u>Director, Bureau of Prisons</u>.

[*Id*].

 Again, the claims would fall under the doctrine of *respondeat superior*.

To the extent that the plaintiff alleges that the various BOP Defendants violated his Fifth Amendment constitutional rights during the FTCA administrative process, those claims simply lack merit.  There is no inherent constitutional right to an effective prison grievance procedure.  *See Hewitt v. Helms*, 459 U.S. 460, 467, 103 S. Ct. 864 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991).[8]  In sum,  the plaintiff's individual capacity claims against the BOP Defendants must be dismissed.

## CONCLUSION

---

[8]

Numerous Sixth Circuit hold that there is no inherent constitutional right to an effective prison grievance procedure.  *Argue v. Hofmeyer*, 80 Fed.Appx. 427, 430 (6th Cir. (Mich.) October 30, 2003) (Not selected for publication in the Federal Reporter); *Overholt v. Unibase Data Entry, Inc*. 221 F.3d 1335, 2000 WL 799760, **3 (6th Cir. (Ohio) June 14, 2000) (Unpublished Disposition) (" In addition, Overholt did not state a viable First Amendment claim concerning the prison grievance procedure.  The defendants were not obligated to 'properly' respond to Overholt's grievances because there is no inherent constitutional right to an effective prison grievance procedure.  *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991).  Hence, his allegations that the defendants did not properly respond to his grievances simply do not rise to the level of a constitutional violation."); *Mays v. Wilkinson*, 181 F.3d 102 (Table), 1999 WL 282690 (6th Cir.(Ohio) April 28, 1999) (same.)

Accordingly, it is **ORDERED** as follows:

(1)    The plaintiff's Fifth Amendment *Bivens* claims against the USP-Big Sandy Defendants and the BOP Defendants, in their *official* capacities, are **DISMISSED WITH PREJUDICE.**

(2)    The plaintiff's Fifth Amendment *Bivens* claims against the USP-Big Sandy Defendants and the BOP Defendants, in their *individual* capacities, are **DISMISSED WITH PREJUDICE.**

(3)    The Pikeville Clerk will be directed to issue summons for Postmaster of the Inez, Kentucky, Post Office.

(4)    The Pikeville Clerk is directed to issue summons for the Attorney General of the United States of America and for the United States Attorney for the Eastern District of Kentucky.

(5)    The Pikeville Clerk's Office shall prepare as many copies of the complaint as there are summonses issued and complete the requisite number of USM Form(s) 285.

(a)    If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(b)    The Pikeville Clerk's Office shall forward by certified mail the following documents:  (i) the summonses issued; (ii) the requisite number of USM Forms 285; (iii) the requisite number of complaint copies; (iv) the requisite number of copies of this Opinion and Order; and (v) any other documents necessary to effectuate service.

11

(c)       The Pikeville Clerk's Office shall enter the certified mail receipt into the record and a notation that the delivery to the USM Office of the complaints, summonses, USM Forms 285, and any other attachments have been effectuated, and the date upon which they were effectuated.

(d)       The USM Office shall serve a summons, complaint copy, and copy of this Order on the defendants to this action; service to be made by certified mail, return receipt requested, or by personal service.

(e)       The USM Office shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(6)       The plaintiff shall keep the Clerk of the Court informed of his current mailing address.  **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

(7)       For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.  **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk, or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

This the 22nd day of June, 2007.

13

 **Signed By:**

***Gregory F. Van Tatenhove***

**United States District Judge**