UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE


CIVIL ACTION NO. 07-CV-98-GFVT

JOHN G. WINKELMAN, JR.                                                    PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

JOHN DOE #1, ET AL.                                                       DEFENDANTS


John F. Winkelman, the *pro se* plaintiff, has filed a "Motion for Reconsideration"

[Record No. 12] of the Memorandum Opinion and Order ("the Opinion and Order") entered

on June 22, 2007 [Record No. 8].

PROCEDURAL HISTORY
1. The Complaint

Plaintiff is currently incarcerated in the United States Penitentiary Big Sandy, which

is located in Inez, Kentucky ("USP-Big Sandy").  On May 8, 2007, he filed a *pro se* civil

rights complaint asserting claims under:  (1) the Federal Tort Claims Act ("FTCA"), Title 28

U.S.C. §§1346(b), 2671-2680, and/or (2) 28 U.S.C. §1331, pursuant to the doctrine

announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) [Record

No. 2].  The Court entered an Order granting the plaintiff pauper status [*see* Order, Record

No. 4].

In his complaint, the plaintiff alleged that his right to due process of law was violated

when USP-Big Sandy prison staff lost his incoming legal mail from his wife.  He demanded

1

$1 million in damages and various forms of injunctive relief, including an order preventing

him from being transferred to another prison in retaliation for filing this claim [Complaint,

Record No. 2-1, pp. 6-7].  He named as defendants the Postmaster of the Inez, Kentucky,

Post Office; several USP- Big Sandy officials; and two high-level BOP administrative

officials.

2.  Exhaustion Request and Response [Record Nos. 5-6]

As an initial matter, the Court entered an Order on May 30, 2007 [Record No. 5],

asking the *pro se* plaintiff to provide evidence that he had administratively exhausted both his

constitutional claims against the BOP officials and his claims under the FTCA.  On June 12,

2007, the plaintiff filed a Response [Record No. 6] to which he attached certain documents.

He asserted that the documents substantiated that he had administratively exhausted his

claims.

3.  The Opinion and Order [Record No. 8]

In the Opinion and Order, the Court discussed in detail the plaintiff's factual

allegations surrounding his failure to receive the particular item of legal mail [Record No. 8,

pp. 3-5 ].[1]  The Court analyzed the various claims and ordered the Postmaster of the Inez,

Kentucky, Post Office to file a Response to the Complaint [*Id*., p. 6].  The Court noted

possible case law which might prevent the plaintiff from recovering on his claims of lost mail

[*Id*., pp. 6-7].  The Court concluded that:  (1) under the case law, the plaintiff could not assert

claims against the defendants in their official capacities, and (2) because there is no

---

[1]

As the Court explained the plaintiff's version of the relevant facts in the Opinion and Order,
it will not reiterate same in this Order.

*respondeat superior* liability in civil rights claims, *sua sponte* dismissal of the Fifth

Amendment claims against the other defendants was appropriate [*Id*., pp. 7-10]. [2]

    4.  Plaintiff's Current Motion [Record No. 12]

In his motion seeking reconsideration, the plaintiff asks the Court to reconsider its

decision to dismiss his claims against all defendants other than the Postmaster of the Inez,

Kentucky, Post Office [Record No. 12].  He again contends that the defendants' collective

acts and/or omissions caused him not to receive important legal papers from his wife, which

adversely impacted the outcome of his criminal case [*Id*].

The plaintiff also attached thirteen (13) pages of additional documents [*Id*., Record

No. 2-2].  Plaintiff contends that he attached the 13 pages of attachments to his earlier

Response filed on June 12, 2007 [Record No. 6], and further suggests that the mail room staff

at USP-Big Sandy may have tampered with his delivery of his Response and caused these

documents not to be sent to the Court.

The documents consist of the following:

(1)     An "Authorization to Receive Packages or Property" (BP Form 331) [Record
            No.

12-2, p. 1].  This is a preprinted BOP form which someone (name and title illegible) signed

on December 2, 2005.  The document indicates that inmate John Winkelman (plaintiff) was

authorized to receive a box of "legal work/papers Approx. 2000 pages.  25 lbs.  Value

$1,000.00." from Norma Winkelman of Renovo, Pennsylvania [Record No. 12-1].  The

---

[2]

    The Court set forth in detail its legal conclusions in the Opinion and Order; it will not
reiterate same in this Order.

bottom of this form, entitled "Inspection and Receipt," which required completion by USP-Big Sandy staff, is blank.

(2)     Documents relating to the plaintiff's exhaustion of the BOP's administrative remedies, 28 C.F.R. §542.13-15 [Record No. 12-2, pp. 2 - 9].  One document is the plaintiff's completed BP-8 form ("Attempt at Informal Resolution") dated March 1, 2006 [Record No. 12-2, pp. 3-4].

(3)     Memorandum from C. Tompkins, Counselor (presumably at USP-Big Sandy), dated April 16, 2006, addressed to "Clerk of the Court," requesting information regarding the plaintiff's package [*Id*., p. 4].[3]

(4)     One-page handwritten statement by plaintiff in which he describes facts concerning his lost legal mail package and his filing of the BP-8 [*Id.*, pp. 5-7].

(5)     The plaintiff's BP-9 appeal, dated August 26, 2006, to the Warden of USP-Big Sandy, then Suzanne Hastings  [*Id*., p. 8].

(6)     Former Warden Hastings' denial of the plaintiff's BP-9 appeal [Record No. 12-2,

        12-2,

p. 9].  Former Warden Hastings set forth detailed reasons why the plaintiff's appeal regarding his claim of lost mail was being denied.  Summarized, former Warden Hastings informed the plaintiff that the USP-Big Sandy mail room rejected the package because it lacked a return address.

---

[3]

Tompkins' April 16, 2006 reference to the "Clerk of the Court" is confusing because this action was not filed until May 8, 2007.

According to Hastings, all inmate mail and packages must contain a return address which is compared to addresses provided by inmates on the BP-331 Form.  Hastings stated that such a material omission violated BOP policies, namely the *Domestic Mail Manual*; BOP Program Statement 5265.10 *Mail Management Manual*; and BOP Program Statement 5265.10, *Publications*.[4]  [Record No. 12-2, p. 9]

(7)    Plaintiff's FTCA claim dated October 15, 2006 [*Id.*, p. 10].

(8)    The BOP's April 16, 2007 letter denying the plaintiff's FTCA Administrative Tort Claim # TRT-MXR-2007-00148 [*Id*, pp. 11-12].  The letter was issued by Michelle T. Fuseyamore, Regional Counsel of the BOP.  Fuseyamore denied the claim on the same grounds that Warden Hastings denied the plaintiff's BP-9 appeal:  absence of return address on the package sent to him in December, 2005.  Fuseyamore  noted that USP-Big Sandy is a maximum- security prison where policies regarding the delivery and receipt of incoming prisoner mail must be observed [*Id*]. Fuseyamore offered the same verbatim explanation for denying the FCTA claim which former Warden Hastings had offered in her previous denial of the BP-9 appeal.  *See* n. 4, *supra*.

---

[4]

Hastings explained as follows:

"The Inmate Systems Manager was informed that the box was addressed to you with your register number on it, however, it was observed that no return address could be located on the package as would be required. Package Authorizations are compared to the information contained on packages arriving at the servicing postal facility in order to justly accept or refuse packages. In this situation, the sender failed to place their name and return address on the package as indicated by the Mail Rooms' Package Refusal Log, with an entry date of December 29,2005. Mail Room staff will not be subject to accepting any package without a return address."

*See* Record No. 12-2, p. 9.

(9)     A form requesting a copy of the request for a transcript of the "Suppression

Motion" Hearing held on March 23, 2003, in "*U.S. v. Winkelman, Jr.*" [*Id.*, p. 13].

DISCUSSION

Under Rule 59(e), there are three grounds for a district court to amend its judgment:

(1) to accommodate an intervening change in controlling laws; (2) to account for new

evidence not available previously; and (3) to correct a clear error of law or to prevent

manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing

*Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  A Rule 59 motion is not an

opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146

F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998).

The Court disagrees with the plaintiff's argument that the Opinion and Order should

be set aside.  First, the documents which the plaintiff supplied as attachments to his recent

filings indicate that he did not complete that entire BOP administrative remedy process set

forth in 28 C.F.R §542.13-15.

While the plaintiff did file a BP-8 appeal and a BP-9 appeal to the Warden, he

provided no documentation indicating that he filed either the requisite BP-10 appeal of his

(claims regarding lost mail) to the BOP Mid-Atlantic Regional Office or the requisite BP-11

appeal to the BOP Central Office.  These are the final two steps of the BOP administrative

appeal process.  Lacking those two steps, the Court properly dismissed without prejudice any

construed individual-capacity claims against the various BOP employees.  The Court will not

change its decision on that issue.

Second, the plaintiff's filing does not change the Court's assessment that the claims raised against the BOP itself, and the various BOP officials, is based on the doctrine of *respondeat superior* which, as explained in the Opinion and Order, cannot form a basis of liability in a *Bivens* civil rights action. Liability must be premised on direct r personal involvement of the named defendant. *See Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir.1989); and *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir.1982). The Court will not change its decision on that issue.

Third, the plaintiff's filings do not change the Court's conclusion that any construed claims against the various BOP employees in their official capacities were properly dismissed. As noted, the only proper defendant in a *Bivens* claim is a person acting under color of federal law in that person's individual capacity. *See Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity."

Fourth, and finally, the Court can discern no prejudice to the plaintiff, even assuming that the USP-Big Sandy mail room actually lost his incoming mail package in December, 2005. The plaintiff was convicted in December, 2003, in the United States District Court for the Middle District of Pennsylvania (Williamsport Division) on numerous drug charges. *See United States of America v. John F. Winkelman, Jr.*, 4:01-CR-00304-JFM-9 ("the Trial Court").

The Third Circuit affirmed his conviction in May, 2006, but remanded his sentence under *United States v. Booker*, 463 U.S. 220 (2005), and *United States v. Cooper*, 437 F.3d 324 (3rd Cir. 2006). *See* Trial Court Docket Sheet, Entry # 984. On remand, the Trial Court

7

sentenced the plaintiff to a prison term of 480 months.  The plaintiff appealed but then filed a

motion to withdraw his appeal, which motion the Third Circuit granted on January 19, 2007

[*See* Trial Court Docket Sheet, Entry # 1017). [5]

On February 23, 2007, the plaintiff then filed a motion in the Trial Court to vacate his

sentence under 28 U.S.C. §2255 [*see Id.*, Docket # 1022].  He amended that motion on May

4, 2007 [*see Id.*, Docket Nos. 1040 and 1041].  Those motions are currently pending in the

Trial Court.  The §2255 motion filed on February 23, 2007 is 35 pages in length and sets

forth twenty-seven (27) claims, mainly those alleging ineffective assistance of counsel under

the Sixth Amendment.  The motion did not include claims concerning either the plaintiff's

alleged inability  to receive legal mail at USP-Big Sandy or the impact which such inability

might have had on his criminal proceedings in the Trial Court.  The amended §2255 motion

in the Trial Court likewise contains no allegation concerning problems with the USP-Big

Sandy mail room which might have impacted on his criminal proceeding in the Trial Court.

Based on the Trial Court record, the Court cannot ascertain how the plaintiff's

criminal proceeding was adversely impacted.

CONCLUSION

Accordingly, it is **ORDERED** that the plaintiff's  "Motion for Reconsideration"

[Record No. 12] is **DENIED**.

This the 2nd day of August, 2007.

---

[5]

Winkelman also challenged criminal forfeiture proceedings which the United States
instituted against him concerning $5,500.00 in cash money.  The Third Circuit recently entered an
Order and Opinion affirming the forfeiture of the money and denying the plaintiff's motion for return
of property.  *See United States v. George A. Winkleman*, 2007 WL 1933915 (3rd Cir. (Pa..) July 5,
2007) (Only Westlaw citation currently available).



Signed By:

*Gregory F. Van Tatenhove*

United States District Judge